In the

# United States Court of Appeals
## For the Seventh Circuit

No. 02-4044

DENNIS W. CHRISTOPHER,

*Plaintiff-Appellant,*

*v.*

EDWARD BUSS, *et al.*,

*Defendants-Appellees.*

Appeal from the United States District Court for the
Northern District of Indiana, South Bend Division.
No. 3:02-CV-0421-RM—**Robert L. Miller, Jr.**, *Chief Judge.*

ARGUED JULY 6, 2004—DECIDED SEPTEMBER 29, 2004

Before POSNER, EASTERBROOK, and KANNE, *Circuit
Judges.*

KANNE, *Circuit Judge.* Indiana prisoner Dennis W.
Christopher brought this lawsuit under 42 U.S.C. § 1983,
alleging as relevant here that seven employees of Westville
Correctional Facility violated the Eighth Amendment by
failing to correct what he refers to as a "protrusive lip" on
the prison softball field. He claims that the "lip" caused a
ball to bounce up and hit him in the face, permanently
injuring his right eye. The district court dismissed Christo-
pher's complaint prior to service, *see* 28 U.S.C. § 1915A, for
failure to state a claim upon which relief may be granted.
Christopher appeals, and we affirm.

Christopher's injury occurred in July 2000 during an intramural softball game at Westville. Playing second base, Christopher had backed onto the outfield grass between first and second base when a groundball was hit his way. As he bent to catch it, the ball hit what Christopher describes as a "protrusive lip" about five inches high at the edge of the infield. The lip caused the ball to take a bad hop and spring up unexpectedly into Christopher's right eye. As a result, Christopher's pupil is now permanently dilated, a condition that not only affects his appearance but also causes severe headaches and makes reading difficult. The condition also increases Christopher's chances of developing glaucoma or tumors in that eye and makes it overly sensitive to light.

Although Christopher did not know about the lip, he alleges that the defendants did because another inmate had previously been injured in precisely the same way. That time a softball hit the same lip and bounced up into the other inmate's face, opening a gash through his eyebrow that required four stitches. Christopher alleges that the defendants easily could have repaired the hazardous lip after the first injury but neither fixed the defect nor warned him of its existence.

Christopher claims in his lawsuit that the failure to repair the field or at least warn him of its defective condition constituted deliberate indifference to his right to be free from cruel and unusual punishment. He also asserted a negligence claim under Indiana law. In dismissing the constitutional claim, the district court reasoned that the defendants had no control over when and where a softball would bounce and thus could not have been deliberately indifferent. The court then declined to exercise its supplemental jurisdiction over Christopher's negligence claim.

## I. Analysis

On appeal Christopher presses only his Eighth Amendment claim, arguing that he sufficiently stated a claim based on the defendants' deliberate indifference to the hazard created by the five-inch lip on the softball field. We review the district court's § 1915A dismissal de novo and will affirm if it appears beyond doubt that no set of facts can sustain Christopher's claim for relief. *Wynn v. Southward*, 251 F.3d 588, 591-92 (7th Cir. 2001) (per curiam).

The defendants[1] attack Christopher's complaint as insufficient because he failed to "allege facts" demonstrating that they violated the Eighth Amendment through their deliberate indifference to his health and safety. But as we have said repeatedly, fact pleading is not necessary to state a claim for relief. *See, e.g.*, *Thompson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004); *see also Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993). To satisfy the notice pleading requirements of Federal Rule of Civil Procedure 8(a)(2), Christopher need only state his legal claim and provide "some indication . . . of time and place." *Thompson*, 362 F.3d at 971; *see also Walker v. Benjamin*, 293 F.3d 1030, 1039 (7th Cir. 2002).

By explaining the nature of his claim and the basic events underlying it, Christopher satisfied the technical require-

---

[1] Although Christopher's amended complaint names seven defendants in both their official and individual capacities, his allegations of personal involvement are limited to Karl Gast (or Gatz), Richard Arnie, and Al Pilarski, whom he specifically claims knew about the allegedly hazardous field condition. We have thus assumed that he seeks to proceed only against those three in their individual capacities. *See, e.g.*, *Palmer v. Marion County*, 327 F.3d 588, 594 (2003) (noting personal involvement requirement for § 1983 suits against individuals).

ments of Rule 8, but that does not immunize his complaint against dismissal under § 1915A. *See Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999). As *Kirksey* explains, Rule 8(a)(2) specifies the formal requirements for an adequate complaint, but it does not provide a gauge of the complaint's legal merit, *id.*, and this is where Christopher's complaint falters. Although Christopher had no obligation to "plead facts" demonstrating the defendants' deliberate indifference, his complaint must provide some grounds for concluding that he could possibly be "entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). But we conclude that no set of facts consistent with the allegations in Christopher's complaint would establish a violation of the Eighth Amendment.

The Eighth Amendment's proscription against cruel and unusual punishment protects prisoners from the "unnecessary and wanton infliction of pain" by the state. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (citation and internal quotations omitted); *see also Walker*, 293 F.3d at 1037. The state violates the proscription when it "so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs." *Helling v. McKinney*, 509 U.S. 25, 32 (1993) (citation and internal quotations omitted). Thus, prison officials must take reasonable measures to ensure an inmate's safety. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Boyce v. Moore*, 314 F.3d 884, 888 (7th Cir. 2002). To state a claim premised on prison officials' failure to protect him from harm, Christopher must allege that the defendants knew of and disregarded an "excessive risk" to his "health and safety." *Farmer*, 511 U.S. at 837. The question of the defendants' culpability is subjective, but the risk is evaluated on an objective basis—the allegedly dangerous prison condition must deprive an inmate of "the minimal civilized measure of life's necessities." *Farmer*, 511 U.S. at 834 (internal quotation marks and citation omitted).

It is at the objective stage of the inquiry that Christopher's complaint fails. Even if the defendants knew about the field condition (we assume at this stage that they did) and purposefully ignored it, Christopher would not be entitled to relief. A "protrusive lip" on a softball field, even if hazardous when a ball hits it in a certain way, does not amount to a condition objectively serious enough to implicate the Eighth Amendment. Such "lips" where the infield joins the outfield doubtless exist on subpar fields across the country. To say that "exposure" to such a field could violate the Eighth Amendment would be to imply that prison officials violate the Eighth Amendment by letting inmates play sports at all, because the risk of injury, even serious injury, is inherent. *Cf. James v. Hillerich & Bradsby Co.*, 299 S.W.2d 92, 94 (Ky. Ct. App. 1957) (negligence case noting "ordinary risks of personal injury involved in a baseball or softball game").

An "objectively 'sufficiently serious'" risk, *see Farmer*, 511 U.S. at 834 (citations omitted), is one that society considers so grave that to expose *any* unwilling individual to it would offend contemporary standards of decency, *Helling*, 509 U.S. at 36. Unlike the acute risks posed by exposure to raw sewage, *see Shannon v. Graves*, 257 F.3d 1164, 1168 (10th Cir. 2001), or inordinate levels of environmental tobacco smoke, *Helling*, 509 U.S. at 35, or amputation from operating obviously dangerous machinery, *Bagola v. Kindt*, 39 F.3d 779, 780 (7th Cir. 1994) (per curiam), or potential attacks by other inmates, *Farmer*, 511 U.S. at 832-33, the risk of being hit by a softball as a result of a hazardous field condition is not one that "today's society chooses not to tolerate," *see Helling*, 509 U.S. at 35. Rather, it is the type of risk many encounter voluntarily when they play sports in less-than-perfect playing conditions. *Cf. McNeil v. Lane*, 16 F.3d 123, 125 (7th Cir. 1993) (affirming dismissal of Eighth Amendment claim premised on inmate's exposure to asbestos-covered pipes outside his cell because "asbestos abounds in many

public buildings" and exposure to it in moderate levels "is a common fact of contemporary life and cannot, under contemporary standards, be considered cruel and unusual").

Moreover, Christopher himself explains in his complaint that the defendants "invited" him to play softball—an invitation he accepted voluntarily. That Christopher chose to play further derails his theory that prison officials failed to protect him from harm. A prison official's duty to protect an inmate from harm arises because the state has placed him "under a regime that incapacitates [him] to exercise ordinary responsibility for his own welfare." *See County of Sacramento v. Lewis*, 523 U.S. 833, 851 (1998). Far from being unable to exercise responsibility for his own welfare, Christopher, like any cautious ballplayer outside of prison, was free to examine the playing field for what he now characterizes as an apparent defect. *Cf. Haas v. Weiner*, 765 F.2d 123, 124 (8th Cir. 1985) (per curiam) ("[C]onduct in which one voluntarily engages can hardly be said to violate the Eighth Amendment."). Prison officials' failure to alert him to its existence, although perhaps negligent, cannot be equated with the "unnecessary and wanton infliction of pain." *McMillian*, 503 U.S. at 5 (citation and internal quotations omitted).

## II. Conclusion

For the foregoing reasons, we AFFIRM the district court's judgment dismissing Christopher's complaint for failure to state a claim.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*