**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 4, 2006[*]
Decided January 19, 2006

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

No. 05-2400

| | |
|---|---|
| LONNIE D. WILLIAMS, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division |
| *v.* | |
| PRISON HEALTH SERVICES, Inc., et al., *Defendants-Appellees.* | No. 3:05-CV-154 RM Robert L. Miller, Jr., *Chief Judge.* |

**O R D E R**

Lonnie Williams, an inmate at Indiana State Prison ("ISP"), sued various ISP medical professionals and administrators under 42 U.S.C. § 1983 alleging that they were deliberately indifferent to his medical condition—an umbilical hernia in need

---

[*] The appellees were not served with process in the district court and are not participating in this appeal. After an examination of the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the appellant's brief and the record. *See* Fed. R. App. P. 34(a)(2).

of surgical repair.  The district court dismissed the complaint under 28 U.S.C. § 1915A(b)(1) for failure to state a claim.  We believe that the dismissal was premature, and vacate and remand.

According to his complaint, Williams suffers from an umbilical hernia that needs surgical repair.  In prisoner grievances filed in 2004 that he attached to his complaint, Williams wrote that he needed corrective surgery for his umbilical hernia because the hernia caused him to "suffer daily from pain in [his] stomach" that is "so bad" that he couldn't lift anything, sometimes couldn't even stand up, and had to "strain to defecate" because "the pain is so bad."

Williams's complaint alleged that the defendants—doctors Michael Mitcheff, Sherif Alli-Balogum, and Karen Black; nurse practitioner Christine Maddox; ISP superintendent Cecil Davis; ISP medical director Karla Foster; and the company providing medical services at ISP, Prison Health Services, Inc. ("PHS")—were deliberately indifferent to his serious medical needs by not providing him with surgery for his hernia.  The court acknowledged that an umbilical hernia presented a serious medical need but concluded that Williams did not allege that defendants "want[ed] harm to come to the prisoner."  Relying on *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997), the court stated that Williams was not entitled to the best care possible or even specific care, and here Williams's "basic, low-cost, medical treatment" did not reflect deliberate indifference.  We review *de novo* dismissals for failure to state a claim under § 1915A, accepting as true Williams's factual allegations and drawing all reasonable inferences in his favor.  *Westefer v. Snyder*, 422 F.3d 570, 574 (7th Cir. 2005).

Williams argues that the district court erred in holding that his complaint fails to state a claim for deliberate indifference.  To satisfy the notice pleading requirements of Federal Rule of Civil Procedure 8(a)(2), a complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. Pro. 8(a)(2); *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993); *see also Christopher v. Buss*, 384 F.3d 879, 881 (7th Cir. 2004).  Therefore, to state an Eighth Amendment claim, an inmate must allege only that prison officials responded with "deliberate indifference" to a serious medical need.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Jones v. Simek*, 193 F.3d 485, 489 (7th Cir. 1999).

We believe that the district court's dismissal at this early stage was premature.  We begin with defendant Mitcheff, an ISP doctor who treated Williams.  Williams alleged that Mitcheff knew of Williams's "nausea, dizziness, headaches, vomiting, cramps, and the difficult, painful bowel movements," was "informed that Plaintiff's current medical condition is inherently dangerous and life-threatening, and that hernia specialists have recommended immediate surgery for Plaintiff's

condition," and "acknowledged that Plaintiff needs corrective surgery." Williams alleged that Mitcheff refused to grant his requests to see a specialist, telling him in 2004, "You think you are special, and that you can have it your way. This is not Burger King, and you will not be sent outside for medical care. You will accept the medical treatments that I choose to give you, otherwise you will go without." These allegations are sufficient to state a claim of deliberate indifference against Dr. Mitcheff.

The district court also prematurely dismissed Williams's claims against other ISP medical professionals who treated him: doctors Alli-Balogum and Black, and nurse practitioner Maddox. Williams alleged that Dr. Alli-Balogum knew of Williams's umbilical hernia and "fail[ed] to conduct a meaningful physical examination," instead declaring that Williams's hernia was just "constipation," and that "Plaintiff's medical problems were only imaginary." Regarding Dr. Black, Williams alleged that Black "acknowledged that Plaintiff needed surgery for the umbilical hernia" and "knew that Plaintiff's medical care was grossly inadequate." Finally, Williams alleged that nurse practitioner Maddox "acknowledged that Plaintiff needed corrective surgery" but "fail[ed] to formally request that Plaintiff have access to qualified medical specialists." Williams thus stated a claim against Alli-Balogum, Black, and Maddox.

We turn to the prison administrators. The district court also should have allowed the case to proceed against superintendent Davis, whom Williams wrote to personally on several occasions regarding his umbilical hernia. While there is no *respondeat superior* liability under § 1983, *see Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001), supervisors may be liable for the constitutional violations of subordinates if the supervisors know about and approve of the conduct. *Chavez v. Cady*, 207 F.3d 901, 906 (7th Cir. 2000). Williams alleged that Davis "knew about the constitutional violations yet failed to act when he had the power and duty to act after Davis had been informed of the continuous pain and suffering since 2001." In a letter attached to his complaint, Williams told Davis that his umbilical hernia has been afflicting him since 2001: "Mr. Davis I am hurting badly and in dire need of proper medical care. I am asking for your intervention in this matter." Williams's complaint adequately stated a claim against Davis by alleging his personal involvement in the denial of surgery.

The district court also should have allowed the claim to go forward against ISP medical director Foster. Williams alleged that Foster "fail[ed] to ensure that Plaintiff received corrective surgical treatment," and did not respond to Williams's letters that informed her that ISP medical staff provided him with only "superficial, meaningless medical care." We have held that prison hospital administrators, like Foster in this case, are in a position that "justifies the inference at this [complaint] stage of the proceeding that [they do] bear some responsibility for the alleged

misconduct." *Antonelli v. Sheahan*, 81 F.3d 1422, 1428 (7th Cir. 1996) (internal citation omitted). Williams thus stated a claim against ISP medical director Foster.

Finally, the district court should have allowed Williams's claim to advance against PHS, the private company providing medical services at ISP. A private corporation can be held liable under § 1983 for its employees' constitutional violations only if an official corporate policy caused the violation. *See Woodward v. Correctional Med. Servs. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). Since Williams alleged that PHS has a "corporate policy that any umbilical hernia is classified as "elective" surgery, which is routinely denied to prison inmates," he stated a claim against the company.

Accordingly, the judgment is VACATED insofar as it dismisses the suit against Mitcheff, Alli-Balogum, Black, Maddox, Davis, Foster, and PHS, and the case is REMANDED for further proceedings.