NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 11, 2008[*]
Decided June 12, 2008

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 07-3429

| | |
|---|---|
| JIMMIE GRAY, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Eastern District of |
| | Wisconsin. |
| *v.* | |
| | No. 07-C-497 |
| MR. MCCORMICK and JODINE | |
| DEPPISCH, | William C. Griesbach, |
| *Defendants-Appellees.* | *Judge.* |

## O R D E R

In 2006, while Wisconsin inmate Jimmie Gray was taking a shower at the Fox Lake Correctional Institution, a loose shower seat fell and cut his foot. After learning that prison officials had known of the loose seat for some time, Gray sued a buildings and grounds supervisor, whom Gray identifies as "Mr. McCormick," and Warden Jodine Deppisch

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

under 42 U.S.C. § 1983 complaining that they had been deliberately indifferent to a substantial risk of serious harm in violation of the Eighth Amendment. *See Farmer v. Brennan*, 511 U.S. 825, 828 (1994). The district court screened the complaint, *see* 28 U.S.C. § 1915A, and dismissed it for failure to state a claim. Gray now appeals; we affirm.

According to the allegations contained in Gray's complaint, the loose seat struck his left foot, which "started to bleed real bad." Another inmate alerted a guard, and Gray was given some gauze and medical tape to treat the wound. The following morning a nurse gave Gray a tetanus shot as well as more bandages and tape. For the next two weeks Gray was unable to wear a shoe on his left foot or place any weight on that foot. While convalescing, Gray learned that prison officials had known of the loose seat for at least two weeks leading up to the incident, as demonstrated by an outstanding work order for its repair. According to Gray, though, prison officials never informed him or other inmates of the hazard.

In its order of dismissal, the district court considered—and rejected—Gray's contention that the loose shower seat created a substantial risk of serious harm. Even accepting all of Gray's allegations as true, *see Westefer v. Snyder*, 422 F.3d 570, 574 (7th Cir. 2005), the court concluded that Gray had failed to state a claim upon which relief may be granted, *see* 28 U.S.C. § 1915A. "Exposure to a faulty shower seat," the court explained, "does not offend contemporary standards of decency or evidence a defendant's knowledge of an excessive risk of injury."

Gray insists on appeal that the district court was wrong to dismiss his complaint, arguing that his allegations articulated an "objectively serious" danger under *Farmer v. Brennan*, 511 U.S. 825, 834-37 (1994). We note that Gray's two-page brief in this court teeters on deficiency, *see* FED. R. APP. P. 28, but we proceed, mindful of our duty to construe pro se filings liberally, *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). That said, our review of a dismissal under § 1915A for failure to state a claim is de novo. *Westefer*, 422 F.3d at 574.

Federal Rule of Civil Procedure 8(a)(2) requires merely "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are unnecessary at this early stage, although a plaintiff must provide "the grounds of his entitlement to relief" so as to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal quotation marks and citations omitted); *see Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007). Despite the modest pleading requirements of Rule 8, plaintiffs are often tempted to allege more than is necessary. By doing so, though, a plaintiff runs the risk of unintentionally pleading himself out of court by alleging facts that preclude recovery. *See Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007).

*Farmer v. Brennan*, 511 U.S. 825 (1994), teaches that a "prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Id.* at 828 (internal quotation omitted). A claim of deliberate indifference includes an objective component and a subjective component. First, the risk must be objectively serious, "one that society considers so grave that to expose *any* unwilling individual to it would offend contemporary standards of decency." *Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004) (emphasis in original); *see Farmer*, 511 U.S. at 832-34. Second, prison officials must have known of and disregarded the "excessive" risk of harm to the inmate. *Farmer*, 511 U.S. at 832-37. Negligence alone will not satisfy the requirements of deliberate indifference. *Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986).

We conclude, as did the district court, that Gray pleaded himself out of court by alleging facts that defeat an essential element of his claim. Under the circumstances alleged, a faulty shower seat simply could not create a *substantial* risk of *serious* harm. No doubt the loose bathroom fixture posed some danger (Gray's gash is proof enough) but not enough to invoke the Eighth Amendment. *Cf. Buss*, 384 F.3d at 882 ("A 'protrusive lip' on a softball field, even if hazardous when a ball hits it in a certain way, does not amount to a condition objectively serious enough to implicate the Eighth Amendment."); *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) ("slippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment.") (internal quotation marks and citation omitted). For one thing, Gray's complaint alleges that the shower seat held fast for two weeks despite its condition, which suggests that the risk was less substantial than Gray would have us believe. Furthermore, his allegations of an injury lasting two weeks and requiring only a bandage and a tetanus booster shot do not present a "substantial 'risk of serious damage to his future health.'" *Farmer*, 511 U.S. at 843 (quoting *Helling v. McKinney*, 509 U.S. 25, 35 (1993)).

The judgment is AFFIRMED. Gray's motions for appointment of counsel and an extension of time in which to file a reply brief are DENIED.