**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 14, 2008[*]
Decided August 15, 2008

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 07-3965

| | |
|---|---|
| LUIS VASQUEZ,<br>　　*Plaintiff-Appellant,*<br><br>　　*v.*<br><br>MATTHEW J. FRANK, et al.,<br>　　*Defendants-Appellees.* | Appeal from the United States District Court for the Western District of Wisconsin.<br><br>No. 05 C 528<br><br>Barbara B. Crabb,<br>*Chief Judge.* |

**O R D E R**

Luis Vasquez, an inmate at Wisconsin's Waupun Correctional Institution, sued various employees of the prison and its medical staff under 42 U.S.C. § 1983, alleging that

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

they violated his Eighth Amendment rights. He alleges that constant light, poor ventilation, and extremely hot temperatures in his cell caused him to suffer from many physical and psychological conditions. He also alleges that a treating physician, Charles Larson, deprived him of needed medicine. The district court granted the defendants' motion for summary judgment, and we affirm.

We present the facts in the light most favorable to Vasquez, the nonmoving party. *See Borello v. Allison*, 446 F.3d 742, 744 n.1 (7th Cir. 2006). In 2002 Vasquez was placed in the health and segregation complex at Waupun, where security staff isolate inmates who engage in activities that threaten the safety and security of the prison. In June 2004 Vasquez complained to prison authorities of insomnia, dizziness, migraines, difficulty breathing caused by poor ventilation, and pain in his eyes caused by 24-hour lighting in his cell. Vasquez's cell was illuminated by four florescent lights—three could be turned off and one 9-watt bulb constantly remained on. A prison nurse treated Vasquez's complaints with a saline nasal spray and salt-water gargles, and a nurse practitioner prescribed Excedrin Migraine for his headaches. A month later Vasquez complained of nasal congestion and nose bleeds caused by dry air, and the medical staff prescribed another nasal spray. Vasquez made several similar complaints in 2006 and 2007, and the medical staff responded by prescribing more medications. From 2002 to 2007 prison psychologists treated Vasquez for anxiety, depression, and paranoia, ultimately diagnosing him with a "major depressive disorder" and an "anti-social personality disorder."

In September 2005 Vasquez filed a complaint in district court, alleging that Dr. Larson was deliberately indifferent to his serious medical needs by ignoring or inadequately treating his physical and mental conditions. He also alleged that the defendants' failure to correct the high temperatures, poor ventilation, and constant illumination in his cell amounted to deliberate indifference to a serious risk of harm. The defendants moved for summary judgment, submitting, among other things, affidavits from prison employees stating that the ventilation system maintained cell climates during the summer that were approximately 10 to 20 degrees cooler than the outdoor temperatures. Prison staff also maintained that the ventilation system was operating during the time Vasquez spent in segregation. Finally, prison officials explained that security concerns in disciplinary segregation mandated 24-hour lighting so that guards could always see the prisoners inside the cells. Vasquez responded by submitting his own affidavit in which he repeated at length the allegations in his complaint, and he also submitted statements from fellow prisoners regarding prison conditions.

The district court granted the defendants' motion for summary judgment. The court concluded that Vasquez had failed to show a causal link between the lighting in his cell and his symptoms, and even if such a link existed, the prison staff had offered him a reasonable

accommodation by allowing him to cover his eyes with a towel or washcloth. Furthermore, the court reasoned, Vasquez had presented no evidence that the defendants could meet their security needs in the segregation unit without constant lighting. The court next observed that Vasquez had failed to submit evidence showing that the prison cell was as hot or its air quality as poor as he claimed. Finally, the court concluded that Vasquez had failed to exhaust administrative remedies regarding his claim that Dr. Larson had deprived him of necessary medication.

On appeal Vasquez argues that the district court erred in granting summary judgment for the defendants. We review a district court's grant of summary judgment de novo and will reverse that judgment only if the record contains enough evidence that a "jury could reasonably find for the nonmoving party." *Walker v. Sheahan*, 526 F.3d 973, 977 (7th Cir. 2008).

To prevail on an Eighth Amendment claim based on inadequate prison conditions, the prisoner must show that (1) the conditions in the prison were objectively "sufficiently serious so that a prison official's act or omission results in the denial of the minimal civilized measure of life's necessities," and (2) prison officials acted with deliberate indifference to those conditions. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir 2008) (internal citations and quotation marks omitted). Vasquez insists that the conditions in his cell were so oppressive that they caused him serious medical and psychological problems. But as the district court pointed out, Vasquez presented no evidence regarding the duration of the alleged excessive heat and no evidence that his medical problems resulted from the conditions of his confinement. *See Dixon v Godinez*, 114 F.3d 640, 643 (7th Cir. 1997) ("[I]t is not just the severity of the cold, but the duration of the condition, which determines whether the conditions of confinement are unconstitutional."). Vasquez's medical records do not substantiate a causal link between the conditions in his cell and his medical symptoms, nor do they offer any alternative cause. *See id.* at 645 (holding that prisoner's "conclusory allegations, without backing from medical or scientific sources" that inadequate ventilation caused him respiratory problems were insufficient to overcome summary judgment on Eighth Amendment claims).

In any event, Vasquez has not shown that the conditions in his cell were objectively substandard. "[E]xtreme deprivations are required to make out a conditions-of-confinement claim," *Hudson v. McMillian*, 503 U.S. 1, 9 (1992), and 24-hour lighting involving a single, 9-watt fluorescent bulb does not objectively constitute an "extreme deprivation." *See Doe v. Welborn*, 110 F.3d 520, 524 (7th Cir. 1997) (subjective fear of assault by other prisoners did not constitute an extreme deprivation under the Eighth Amendment). Furthermore, prison officials demonstrated that the ventilation system in the prison was functional and adequate, and Vasquez failed to present any evidence that his alleged deprivations were

"extreme" or "objectively serious." *See Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004); *Chandler v. Crosby*, 379 F.3d 1278, 1297-98 (11th Cir. 2004) (functioning ventilation system and cell temperatures that sometimes exceeded 95 degrees did not constitute an "extreme deprivation.")

Even if Vasquez could show that his prison conditions were constitutionally inadequate, he has not presented any evidence that prison officials were deliberately indifferent to his complaints. Deliberate indifference requires that prison officials "acted with the equivalent of criminal recklessness." *Borello*, 446 F.3d at 747. But the undisputed evidence in this case shows that prison staff promptly addressed Vasquez's health concerns, that the refusal to turn off the light in Vasquez's cell had a valid penological purpose, and that prison staff believed the ventilation system was adequate. Vasquez does not point to any evidence that prison officials acted with anything but good faith, much less the "criminal recklessness" necessary for an Eighth Amendment claim. *See id; King v. Fairman*, 997 F.2d 259, 261 (7th Cir. 1993).

Finally, Vasquez does not dispute that he failed to exhaust his administrative remedies with respect to his claim against Dr. Larson. *See* 42 U.S.C. § 1997e(a). The district court, therefore, correctly dismissed this claim. *See Dixon v. Page*, 291 F.3d 485, 488, 491 (7th Cir. 2002); *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 537 (7th Cir. 1999).

AFFIRMED.