NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 12, 2014[*]
Decided March 12, 2014

**Before**

WILLIAM J. BAUER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 13-2362

| | |
|---|---|
| RONNIE WATKINS, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Eastern District of Wisconsin. |
| | |
| *v.* | No. 13–CV–00007 |
| | |
| TOM LANCOR, | William C. Griesbach, |
| *Defendant-Appellee.* | *Chief Judge.* |

**O R D E R**

Ronnie Watkins, an inmate at Green Bay Correctional Institution in Wisconsin, filed suit under 42 U.S.C. § 1983 claiming that managers of the prison's kitchen staff subjected him to cruel and unusual punishment in violation of the Eighth Amendment. Watkins, who worked as a dishwasher, alleged that the defendants' indifference to dangerous working conditions caused him to break a finger during a slip-and-fall. He

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

also accused Thomas Lancor, a chef, of preventing him from getting medical treatment for three days while also forcing him to work his assigned shifts during that period. At screening, *see* 28 U.S.C. § 1915A, the district court dismissed the action as against all of the defendants except Lancor, and later the court granted summary judgment to him on the ground that Watkins had failed to exhaust his administrative remedies. *See* 42 U.S.C. § 1997e(a). We disagree with the court's exhaustion analysis and remand for further proceedings on Watkins's claim that Lancor prevented him from obtaining medical treatment.

For purposes here, we accept as true Watkins's allegations (which, even at summary judgment, Lancor did not dispute). Watkins fell and broke his finger on March 15, 2010, after slipping on water that had leaked from a defective dishwasher. That day Watkins was wearing his everyday boots, not the protective overshoes required by prison policy, because overshoes were in short supply and none were available that day. A steel silverware rack landed on his hand when he fell, which caused the break to Watkins's finger. Watkins told Lancor that he was in extreme pain and that his finger was swollen, and Lancor helped him complete an accident report. But Lancor forced him to keep washing dishes until his shift ended, and would not permit him to miss work to get medical attention during the next two days. Not until March 18 did Watkins see a nurse, who diagnosed the break and placed the finger in a splint. After that Watkins was allowed to work in a different job that did not aggravate his residual pain from the break.

Watkins filed a grievance concerning the accident on March 31, 2010. The Inmate Complaint Examiner returned that grievance a day later, characterizing it as more of an "informational piece than a complaint." Watkins resubmitted the grievance that same day after clarifying that he was complaining about being made to work in known, unsafe conditions that caused him to fall and break his finger. This time the Inmate Complaint Examiner rejected the grievance as untimely because it was submitted more than 14 days after the March 15 accident. Watkins appealed that decision and won. The Inmate Complaint Examiner then investigated the merits of the grievance but recommended that it be dismissed by the Reviewing Authority, who concurred. Watkins again appealed to the Corrections Complaint Examiner, highlighting the unsafe working conditions but also adding that he "wasn't sent to medical by the kitchen staff." The Corrections Complaint Examiner upheld the Reviewing Authority's decision, reasoning that prison administrators had addressed Watkins's concerns appropriately and reasonably, and that Watkins presented "no new information that would warrant recommending overturning that decision."

In screening the complaint, the district court noted that it was "most regrettable" that Watkins had fallen in the kitchen but concluded that making him work in an area with a wet, slippery floor amounted at most to negligence, not deliberate indifference. The court thus dismissed from the suit all of the defendants except Lancor. But the court allowed Watkins to proceed on his claim that Lancor had kept him from getting necessary medical care for his broken finger.

Chef Lancor moved for summary judgment on the sole ground of failure to exhaust administrative remedies. He noted that Watkins's grievance initially focused only on the unsafe working conditions. Therefore, he argued, the allegation concerning the denial of medical care, which Watkins had inserted while his grievance was on appeal to the Corrections Complaint Examiner, contravened the "one issue" rule for grievances, *see* WIS. ADM. CODE DOC § 310.09(1)(e), and thus was outside the scope of his administrative appeal. Moreover, Lancor continued, the allegation about being denied medical care is too vague to be meaningful even if Watkins was authorized to add the allegation during his administrative appeal. The district court accepted this analysis but also added, without prompting from Lancor or reference to specific evidence in the record, that the claim against Lancor "would not survive" on the merits because "it is clear from the record that Lancor only supervised Watkins while he was working in the kitchen" and was "not in a position" to stop him from seeking medical attention "as soon as his work shift ended."

On appeal Watkins first argues that the district court erred in dismissing at screening his claim that making him work in unsafe conditions constituted deliberate indifference. He argues that the combination of the leaky dishwasher, slippery floor, and lack of safety overshoes, as well as the fact that the defective dishwasher was replaced after his accident shows that prison administrators knew about but failed to correct the dangerous working conditions. Thus, Watkins asserts, his claim rose above the level of negligence and should have survived screening.

We review de novo a dismissal under § 1915A. *Christopher v. Buss*, 384 F.3d 879, 881 (7th Cir. 2004). To succeed on his deliberate-indifference claim about the kitchen conditions, Watkins would need to show that the defendants knew that his working conditions presented a substantial risk of serious physical injury but did nothing to protect him. *See Smith v. Peters*, 631 F.3d 418, 421 (7th Cir. 2011); *Bagola v. Kindt*, 131 F.3d 632, 646 (7th Cir. 1997). Ordinarily, though, a wet kitchen floor poses little risk of serious harm to inmates, and thus allowing a wet floor to go unremedied would not violate the Eighth Amendment. *See Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996)

(concluding that "inch or two of standing water in the shower" does not pose excessive risk to safety); *Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004); *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) (noting that subjecting inmates to slippery floors does not state an arguable Eighth Amendment claim). Moreover, if a wet floor is not a sufficiently dangerous condition, then neither could the shortage of protective overshoes for the wet floor support a claim of deliberate indifference. At most, Watkins alleges that the defendants were negligent in not repairing the leaky dishwasher, but negligence or even gross negligence will not support a claim of deliberate indifference. *See Rosario v. Brawn*, 670 F.3d 816, 821 (7th Cir. 2012); *Marsh v. Jones*, 53 F.3d 707, 712 (5th Cir. 1995) (concluding that slip-and-fall resulting from leaking air conditioner was not actionable under § 1983 because defendant's conduct amounted only to negligence).

Watkins next argues that the district court improperly granted summary judgment for Lancor because, contrary to the court's conclusion, the undisputed evidence establishes that he exhausted his claim that Lancor was deliberately indifferent to his need for medical care. Watkins argues that nothing in the Wisconsin Administrative Code prohibits amending a grievance during an administrative appeal and that his submission to the Corrections Complaint Examiner addressed his allegation about the denial of medical care with enough clarity to give prison administrators notice of his allegation. Furthermore, Watkins argues, the exhaustion requirement was satisfied because the Corrections Complaint Examiner did not reject his administrative appeal for the reasons now asserted by Lancor and instead decided it on the merits.

Our agreement with Watkins's last point is enough to decide the exhaustion question in his favor. As a norm, inmates must take all steps required by the facility's grievance system, including ensuring that their submissions contain "the sort of information that the administrative system requires." *Strong v. David*, 297 F.3d 646, 649 (7th Cir. 2002). And, as Lancor points out, the Wisconsin Administrative Code directs that grievances be limited to "one issue per complaint." WIS. ADM. CODE DOC § 310.09(1)(e). Yet, unlike Lancor, the Corrections Complaint Examiner did not perceive any procedural shortcoming in Watkins's submission or, if he did, chose to overlook the defect. We explained in *Maddox v. Love*, 655 F.3d 709, 721–22 (7th Cir. 2011), that an inmate's procedural gaffe "amounts to a failure to exhaust only if prison administrators explicitly relied on that shortcoming" to reject the grievance. Where instead those officials "address an inmate's grievance on the merits without rejecting it on procedural grounds, the grievance has served its function of alerting the state and inviting corrective action, and defendants cannot rely on the failure to exhaust." *Id*. at 722. We

made this same point in *Ford v. Johnson*, 362 F.3d 395, 397–98 (7th Cir. 2004), and *Riccardo v. Rausch*, 375 F.3d 521, 523–24 (7th Cir. 2004). Lancor has not acknowledged any of these decisions, but they are dispositive.

Accordingly, the dismissal of Watkins's claim that he was denied medical care by Lancor cannot be sustained on the basis of failure to exhaust administrative remedies. And neither may we uphold the dismissal on the alternative ground proposed by the district court. Lancor moved for summary judgment on the single ground of lack of exhaustion; he did not touch on the merits and did not offer evidence supporting the court's speculation that he was "not in a position" to stop Watkins from seeking medical attention "as soon as his work shift ended." The court's assumption implicitly accepts that Lancor *did* prevent Watkins from leaving his post and seeking medical care on the day he was injured, and on this record we cannot rule out the possibility that Lancor also interfered with Watkins's medical care during the following days.

To establish an Eighth Amendment violation based on the denial of medical treatment, Watkins must show that he had an objectively serious medical need, *see Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005), and that Lancor knew of the serious risk to Watkins's health and consciously disregarded that risk, *see Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011); *Johnson v. Doughty*, 433 F.3d 1001, 1010 (7th Cir. 2006). Watkins alleges in his complaint that he was in extreme pain when he broke his finger and that Lancor did not allow him to stop working or send him out for medical care. Instead Watkins had to wait in pain with a swollen finger (and continue working) for three more days before he finally saw a nurse, got a splint, and received a new work assignment that would not aggravate his injury. Watkins has a plausible case against Lancor since delaying treatment for, or failing to address pain caused by, a broken bone can constitute deliberate indifference. *See Smith v. Knox Cnty Jail*, 666 F.3d 1037, 1039–40 (7th Cir. 2012); *Edwards v. Snyder*, 478 F.3d 827, 831–32 (7th Cir. 2007). Thus, the case should have proceeded to the merits of Watkins's claim against Lancor for the denial of medical care.

The judgment dismissing Watkins's claim against Lancor for the denial of medical care is VACATED, and the case is REMANDED for proceedings on that claim. In all other respects the judgment is AFFIRMED.