# In the
# United States Court of Appeals
## For the Seventh Circuit
_____

No. 03-2304

BRIAN K. THOMSON,

                                        *Plaintiff-Appellant,*

                    v.

ODIE WASHINGTON, *et al.*,

                                        *Defendants-Appellees.*

_____

Appeal from the United States District Court
for the Southern District of Illinois.
No. 01-526-DRH—**David R. Herndon**, *Judge.*

_____

SUBMITTED FEBRUARY 9, 2004—DECIDED APRIL 1, 2004

_____

Before POSNER, EASTERBROOK, and WILLIAMS, *Circuit Judges.*

POSNER, *Circuit Judge.* The complaint in this Illinois state prisoner's civil rights suit, filed pro se under 42 U.S.C. § 1983, charges prison officials with having confiscated the plaintiff's legal papers (including a brief in the Supreme Court of Illinois) thereby causing him to lose a number of lawsuits, denied him daily physical exercise and a pre-scribed diet (and incidentally caused him to lose 30 pounds in two months), subjected him to ambient cigarette smoke

even though he is allergic to cigarette smoke, and retaliated against him for complaining about these and other conditions of his confinement by first placing him in solitary confinement and then a higher-security prison, all in violation of the federal constitutional rights of prisoners. The district judge dismissed the suit on his own initiative, pursuant to 28 U.S.C. § 1915A(b)(1), on the ground that the complaint failed to state a claim.

The district judge thought the complaint deficient on the following grounds: the Supreme Court of Illinois later overruled the cases on which the plaintiff relied in the brief that he was prevented from filing; the complaint did not allege that the plaintiff suffers from a serious medical problem that would be aggravated by denial of exercise, departure from the prescribed diet, or subjection to ambient cigarette smoke; and the complaint did not contain "a chronology of events from which retaliation may plausibly be inferred." In short, the plaintiff had pleaded himself out of court so far as the charge concerning confiscation of his legal papers was concerned, and for the rest the complaint contained insufficient detail to be plausible.

It is of course true that if a complaint pleads facts that show that the plaintiff does not have a claim, the complaint should be dismissed without further ado. E.g., *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003). And the judge would have been right to dismiss the charge about the confiscation of legal papers on this ground if all the plaintiff had been complaining about was that his brief in that one state supreme court proceeding had been confiscated, because the complaint itself states that the cases on which the brief relied were later overruled. If your legal papers are confiscated in a doomed proceeding, there is no harm and no basis for a constitutional suit. *Christopher v. Harbury*, 536

U.S. 403, 415 (2002); *Lockhart v. Fretwell*, 506 U.S. 364, 371 (1993). This is true even though there is always a chance that the court would have ruled erroneously in your favor. *Id.*

The plaintiff, however, contended that he had lost several lawsuits because of the defendants' confiscating his legal papers, not just one. In light of the judge's approach to the plaintiff's other claims, it is apparent that by failing to identify those suits the plaintiff provided insufficient detail to make his suit plausible, just as he failed to identify his medical problems and allege that the defendants' failure to respond to them was the result of deliberate indifference on their part to his medical needs and just as he failed to set forth a chronology that would provide some basis for thinking that the change in his prison conditions was in fact in retaliation for his filing grievances.

In other words, the judge wanted the plaintiff to plead enough facts to show that it would be worthwhile to put the defendants to the bother of answering the complaint. That is an understandable approach in light of the burden that prisoners' civil rights litigation places on the district courts, the frivolousness of most of that litigation, and the endeavor of Congress in the Prisoner Litigation Reform Act to curb the abuse of legal process by prisoners with time on their hands. But it is an approach that the Federal Rules of Civil Procedure and the decisions of the Supreme Court and the federal courts of appeals forbid. The federal rules replaced fact pleading with notice pleading. All that the rules require, with a few exceptions inapplicable to this case, such as pleading fraud, Fed. R. Civ. P. 9(b), is that a complaint state the plaintiff's legal claim, such as, in this case, denial of access to the courts in violation of the due process clause, infliction of cruel and unusual punishment by denying essential medical treatment (Eighth Amendment), and retaliation for seeking to use the legal process to petition for

redress of grievances (First Amendment), together with some indication (here amply supplied) of time and place. See the Appendix of Forms to the Federal Rules of Civil Procedure. The plaintiff's claims are all ones that we have *specifically* held are not subject to any requirement of heightened pleading. E.g., *Nance v. Vieregge*, 147 F.3d 589, 590-91 (7th Cir. 1998) (denial of access to court); *Walker v. Benjamin*, 293 F.3d 1030, 1039 (7th Cir. 2002) (cruel and unusual punishment in the form of deliberate indifference to prisoner's serious medical need); *Walker v. Thompson*, 288 F.3d 1005, 1011 (7th Cir. 2002) (retaliation). Federal judges are forbidden to supplement the federal rules by requiring "heightened" pleading of claims not listed in Rule 9. E.g., *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002); *Walker v. Thompson, supra*, 288 F.3d at 1007. If the defendant needs more information, he can serve a contention interrogatory. The complaint in this case, though artless (the plaintiff is not a lawyer and did not have the assistance of one in drafting the complaint), provides adequate notice of legal claims that, if factually supported, would entitle him to relief under 42 U.S.C. § 1983. It was therefore error to dismiss the complaint.

REVERSED AND REMANDED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of Appeals for the Seventh Circuit*