UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 11, 2005[*]
Decided August 15, 2005

**Before**

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-1013

| | |
|---|---|
| TIMOTHY LEWIS, <br>     *Plaintiff-Appellant*, | Appeal from the United States <br> District Court for the Southern <br> District of Illinois. |
| v. | |
| | No. 03 C 635 |
| REETIKA KUMAR, et al., <br>     *Defendants-Appellees*. | William D. Stiehl, <br> *Judge*. |

## O R D E R

Timothy Lewis, an inmate at Menard Correctional Center, filed suit under 42 U.S.C. § 1983 alleging that prison officials and doctors were deliberately indifferent to his medical needs—a headache caused by a brain aneurysm—in violation of the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976); *Walker v. Benjamin*, 293 F.3d 1030, 1036–37 (7th Cir. 2002). The district

---

[*] Appellees notified this court that they were never served with process in the district court and would not be filing a brief or otherwise participating in this appeal. After examining the appellants' brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the brief and the record. *See* FED. R. APP. P. 34(a)(2).

court dismissed the complaint after screening it under 28 U.S.C. § 1915A. We hold that the dismissal was premature with respect to some, but not all, of the defendants, and so we affirm in part, vacate in part, and remand.

According to his complaint, Lewis requested treatment for a persistent headache on October 6, 2002. A medical technician saw him on October 8, gave him some Tylenol, and made arrangements for him to see a physician. On October 11 Smith was examined by Dr. Reetika Kumar, who prescribed him more Tylenol and told him to seek further treatment if the headache persisted.

Five days later, Smith passed out in the prison recreation yard. He was taken to Chester Memorial Hospital, where he remained unconscious for several hours. When he came to, he told a nurse that he could not see out of his right eye. She told him that he already had been scheduled for return to the prison, but that he should tell the prison medical staff about his condition upon his return. He did so and was admitted to the prison infirmary. Two days later, he was examined by the prison's eye doctor, who in turn referred him to Dr. Fleming, a specialist at an eye clinic in Belleville, Illinois.

Examining Lewis on the morning of October 21, Dr. Fleming observed hemorrhaging behind his right eye and directed that he be transferred to St. Louis University Hospital for emergency treatment. There was a delay of approximately five hours while the escorting officers sought approval for the transfer from officials at Menard (specifically: Pam Grubman, the administrator of Menard's health care unit; Capt. William Rees; and "Dr. Dourghty," the medical director at Menard). Dr. Fleming was ultimately able to persuade the officials that the situation was urgent; Lewis was transferred to St. Louis University Hospital, where a ruptured brain aneurysm was discovered and operated upon. Lewis was left with some residual loss of sight in his right eye and numbness in his left forearm.

Lewis claims that Dr. Kumar showed deliberate indifference to his medical needs by not diagnosing his aneurysm earlier or ordering tests that would have allowed her to do so. He also claims that Grubman, Rees, and Dourghty showed deliberate indifference by delaying his operation for five hours. (He lists several other defendants in his complaint, but does not identify any basis for their individual liability, so we do not consider them any further.) The district court, screening Lewis's complaint pursuant to 28 U.S.C. § 1915A, concluded that his allegations did not support a claim of deliberate indifference. Rather, the court reasoned, the defendants' alleged behavior amounted at most to negligence, which is not actionable under § 1983. *See Farmer v. Brennan*, 511 U.S. 825, 837–38 (1994); *Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir. 1997). The court therefore dismissed the action with prejudice.

Lewis now argues that dismissal was improper. His main contention is that the district court wrongly dismissed his complaint as "frivolous." *See Neitzke v. Williams*, 490 U.S. 319, 326 (1989) (distinguishing frivolousness from failure to state a claim). But failure to state a claim is a sufficient basis for dismissal under § 1915A, whether or nor the complaint is frivolous.

We agree that Lewis has failed to state a claim with respect to Dr. Kumar. By his own account, *see Gutierrez*, 111 F.3d at 1374 (plaintiff pleads himself out of court where the complaint itself shows he has no claim), Dr. Kumar examined him soon after he initially complained about his headache, prescribed a painkiller for him, and told him to seek further treatment if the headache persisted. Although Lewis insists that she should have taken steps earlier to properly diagnose his condition, that is a claim of negligence or malpractice rather than deliberate indifference, *see id.*, and will not support a claim under § 1983.

We disagree, however, that Lewis has failed to state a claim with respect to Grubman, Rees, and Dourghty, the officials at Menard who allegedly delayed his transfer to St. Louis University Hospital. The district court found that "[t]he allegations in the complaint do not support a claim that any defendant was deliberately indifferent," but we have reiterated that a complaint need not plead all the facts necessary to support the plaintiff's claim. *See Thomson v. Washington*, 362 F.3d 969, 970–71 (7th Cir. 2004). Lewis has not pleaded himself out of court with respect to these defendants; the complaint adequately states a claim for deliberate indifference in connection with Lewis's delayed transfer to the hospital. It remains to be seen whether these defendants understood the urgency of the situation and what accounted for their delay in authorizing the transfer. *See Walker*, 293 F.3d 1030 at 1037 (prisoner claiming deliberate indifference to a serious medical need must show that the defendants knew of a substantial risk of harm and acted or failed to act in disregard of that risk).

We therefore AFFIRM the judgment of the district court with respect to all the defendants except for Grubman, Rees, and Dourghty. With respect to those three defendants, we VACATE the court's order of dismissal and REMAND the case for further proceedings.