**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 18, 2005*
Decided August 31, 2005

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 04-3688

BOBBY A. WILLIAMS,
    *Plaintiff-Appellant*,

    *v.*

EVELYN RIDLEY-TURNER, et al.,
    *Defendants-Appellees.*

Appeal from the United States
District Court for the Southern
District of Indiana, Indianapolis
Division

No. 1:04-cv-1449-SEB-VSS

Sarah Evans Barker,
*Judge.*

**O R D E R**

    Bobby Williams, an Indiana prisoner, brought this damages action under 42 U.S.C. § 1983 claiming a lockdown that kept him from leaving his cell to exercise for over four months amounted to cruel and unusual punishment. The district court dismissed the suit under 28 U.S.C. § 1915A(b) for failure to state a claim. We vacate the dismissal and remand for further proceedings.

---

    * Appellees notified this court that they were never served with process in the district court and would not be filing a brief or otherwise participating in this appeal. After an examination of the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the brief and the record. *See* Fed. R. App. P. 34(a)(2).

We accept as true the facts described by Williams in his complaint and appellate brief.  *See Hoskins v. Lenear*, 395 F.3d 372, 373 (7th Cir. 2005); *Gutierrez v. Peters*, 111 F.3d 1364, 1367 n.2 (7th Cir. 1997).  In late April 2004, prison officials instituted a lockdown to avert a potential inmate protest.  The organizers of the protest were soon transferred to another facility, but the lockdown remained in effect when Williams filed this action in early September 2004.  The 24-hour lockdown restricted inmates to their cells without any exercise periods, religious services, or visits.  In his complaint Williams alleges that the lack of exercise caused him to suffer physical pain in his stomach and lower back, as well as "mental depression."  He also alleges that the defendants were responsible for instituting and maintaining the lockdown.

The district court concluded on initial screening that the complaint fails to state a claim, reasoning that Williams cannot establish an Eighth Amendment violation because he does not allege that the defendants deprived him of "adequate food, clothing, shelter and medical care, and reasonable measures to guarantee his safety."  The court added that Williams' complaint is barred under 42 U.S.C. § 1997e(e) because "[n]o claim of physical injury is presented or suggested here."

To state an Eighth Amendment claim, a complaint need only state the "legal claim and provide 'some indication of time and place.'"  *Christopher v. Buss*, 384 F.3d 879, 881 (7th Cir. 2004) (quoting *Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004)).  In this case Williams alleges that he was unable to exercise outside his cell for more than four months, a restriction that we have held can amount to a constitutional deprivation.  *See Delaney v. DeTella*, 256 F.3d 679, 683-84 (7th Cir. 2001) (six-month denial of exercise because of prison lockdown was serious deprivation); *Pearson v. Ramos*, 237 F.3d 881, 884 (7th Cir. 2001) (observing that denial of out-of-cell exercise for more than 90 days can constitute cruel and unusual punishment); *Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1996) (noting that extreme and prolonged lack of exercise may "rise to a constitutional violation"); *Anderson v. Romero*, 72 F.3d 518, 527 (7th Cir. 1995) (identifying the denial of all opportunity for out-of-cell exercise as a possible Eighth Amendment violation).  Although valid institutional reasons for the lockdown may exist, *see Delaney*, 256 F.3d at 685, dismissal at the complaint stage of the proceedings was premature.

Finally, to the extent the district court concluded that under § 1997e, Williams fails to allege an injury, we have held comparable symptoms to be sufficient.  *See Delaney*, 256 F.3d at 685 (migraine headaches, heartburn, stomach and neck pain, constipation, lethargy, and depression).

VACATED and REMANDED.