In the

# United States Court of Appeals

## For the Seventh Circuit

No. 05-2925

CHRISTOPHER KOLUPA,

*Plaintiff-Appellant,*

*v.*

ROSELLE PARK DISTRICT,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 04 C 6385—**Harry D. Leinenweber**, *Judge.*

ARGUED JANUARY 19, 2006—DECIDED FEBRUARY 10, 2006

Before EASTERBROOK, MANION, and KANNE, *Circuit
Judges.*

EASTERBROOK, *Circuit Judge.* Christopher Kolupa con-
tends that the Roselle Park District fired him because of his
religion. If that's so, then it violated Title VII of the Civil
Rights Act of 1964. See 42 U.S.C. §2000e-2(a)(1). Yet the
district judge dismissed his complaint under Fed. R. Civ. P.
12(b)(6), ruling that he had not stated a claim on which
relief may be granted. 2005 U.S. Dist. LEXIS 13599 (N.D. Ill.
Apr. 28, 2005). That disposition reflects a misunderstanding
of what a complaint must contain.

Religious discrimination in employment is prohibited by
federal law. Accordingly, all a complaint in federal court

need do to state a claim for relief is recite that the employer has caused some concrete injury by holding the worker's religion against him. See *Bennett v. Schmidt*, 153 F.3d 516 (7th Cir. 1998). Federal complaints plead *claims* rather than facts. The appendix to the Rules of Civil Procedure contains models that illustrate the short and simple allegations that Fed. R. Civ. P. 8(a) calls for. It is enough to name the plaintiff and the defendant, state the nature of the grievance, and give a few tidbits (such as the date) that will let the defendant investigate. A full narrative is unnecessary. See, e.g., *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002); *McDonald v. Household International, Inc.*, 425 F.3d 424, 427-28 (7th Cir. 2005); *Bartholet v. Reishauer A.G. (Zürich)*, 953 F.2d 1073, 1077-78 (7th Cir. 1992). Details come later, usually after discovery—though occasionally sooner if, as the rules allow, either side seeks summary judgment in advance of discovery, or the district court orders the plaintiff to supply a more definite statement. See Fed. R. Civ. P. 12(e).

What the district judge demanded, by contrast, is that the complaint allege facts corresponding to each aspect of a "prima facie case" under Title VII. The judge summarized what plaintiffs must prove to make out a prima facie case of religious discrimination and then faulted the complaint for omitting some points. One aspect of a prima facie case is that the employer treated differently persons who are similarly situated except with respect to the protected attribute (race, sex, religion, and so on). See *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). The district judge wrote that this complaint is defective because, although Kolupa "attempts to describe several situations where other Roselle Park District employees allegedly were treated more favorably than [Kolupa], he fails to allege that the employees were similarly situated in their conduct or that any of the [other] employees were [sic] outside of his protected class." The

judge did not explain why a complaint must include such allegations (let alone why a plaintiff must use the indirect *McDonnell Douglas* method even though direct proof may be available).

"Any district judge (for that matter, any defendant) tempted to write 'this complaint is deficient because it does not contain. . .' should stop and think: What rule of law *requires* a complaint to contain that allegation?" *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005) (emphasis in original). The question presented in *Swierkiewicz* was whether the complaint in a Title VII case must include factual allegations corresponding to each aspect of a prima facie case; the Court held that it need not, writing that "[t]he prima facie case under *McDonnell Douglas* . . . is an evidentiary standard, not a pleading requirement." 534 U.S. at 510. Yet the district court dismissed Kolupa's complaint on the same ground that *Swierkiewicz* had disapproved. The Court held, and we reiterate, that complaints need not plead facts and need not narrate events that correspond to each aspect of the applicable legal rule. Any decision declaring "this complaint is deficient because it does not allege X" is a candidate for summary reversal, unless X is on the list in Fed. R. Civ. P. 9(b).

According to the Park District, the complaint contains too much rather than too little, and Kolupa has pleaded himself out of court. The complaint attributes most of the allegedly discriminatory conduct to Jim Bassett, the Park District's Interim Director during 2003. But the decision to discharge Kolupa was made by Tom Kruse, who took over as Director late in 2003 and fired Kolupa that December. By omitting any allegation that Kruse was motivated by animosity toward his religion, the argument goes, Kolupa conceded the absence of such an improper motive by the decision-maker and thus foreclosed relief. If the complaint *actually* conceded that Kruse was neutral with respect to Kolupa's religion, then it would indeed foreclose relief, see *Venturelli*

*v. ARC Community Services, Inc.*, 350 F.3d 592, 600 (7th Cir. 2003), but silence is not a concession.

Silence is just silence and does not justify dismissal unless Rule 9(b) requires details. Arguments that rest on negative implications from silence are poorly disguised demands for fact pleading. A plaintiff pleads himself out of court when it would be necessary to contradict the complaint in order to prevail on the merits. See, e.g., *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Conley v. Gibson*, 355 U.S. 41 (1957); *Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002). Kolupa would not need to contradict any allegation in order to demonstrate that he would have remained on the payroll had he held different religious views. Even if Kruse is indifferent to employees' religious beliefs and activities, his decision may have been influenced by Bassett's recommendation.

Nor is the complaint deficient because it does not allege that the four warnings Bassett put in Kolupa's file amount to "adverse employment actions." See *Dunn v. Washington County Hospital*, 429 F.3d 689 (7th Cir. 2005). The judge assumed that warnings are harmless. When dealing with complaints, however, judges must assume in the plaintiff's favor everything that could be shown consistent with the allegations, and it is not hard to imagine proof that would make the claim viable. Warnings may have been accompanied by suspensions or contributed to a paper record that led to suspension or discharge later. See *Oest v. Illinois Department of Corrections*, 240 F.3d 605, 613 (7th Cir. 2001). Whether any given step is an adverse employment action (alone or in combination with some other act) goes to the merits; these details may be explored in discovery, on motion for summary judgment, and if necessary at trial, but need not be included in complaints.

Kolupa also contends that the Park District failed to accommodate his religious beliefs, failed to promote him,

and retaliated against him when he tried to protect his rights. The district judge dismissed the accommodation and failure-to-promote theories because Kolupa omitted them from his administrative charge of discrimination. (He dismissed the retaliation charge on other grounds, but it is equally open to this objection, which the Park District has urged in support of the favorable judgment.) The charge is part of the record, and the district judge should have treated the Park District's motion as one for summary judgment, see Fed. R. Civ. P. 12(b) (final sentence), but Kolupa does not contend that the use of Rule 56's procedures would have made any practical difference.

The administrative charge covers less than half a typed page. Kolupa complained about his discharge, the four written warnings, and one of Barrett's oral comments. He did not mention promotion, accommodation, or retaliation, and he did not check the box that the form provided for people who wish to complain about retaliation. The charge does not hint at any activity that could have been the basis of retaliation; it does not say, for example, that Kolupa had made a prior complaint (or supported another employee's complaint) and that a campaign of discrimination then commenced. It does not mention any promotion that Kolupa sought but did not receive. Nor does it hint at what "accommodation" Kolupa wanted; even on appeal he does not tell us what he asked the Park District to do, other than disregard his religion. He kept a Bible on his desk and contends that the Park District was obliged to treat him no worse than someone who had Plato's *Republic* or Nozick's *Anarchy, State, and Utopia* in view; that's a request for neutrality, not accommodation. The promotion, accommodation, and retaliation theories therefore are beyond the scope of the charge. See *Cheek v. Western & Southern Life Insurance Co.*, 31 F.3d 497, 500 (7th Cir. 1994).

The parties' briefs debate the question whether the district court erred in striking documents that Kolupa had

attached to his complaint. The judge did not give any reason for this decision, and it is hard to see one; the documents are not alleged to be "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The district judge seems to have assumed that papers attached to a complaint must satisfy the requirements for evidence at the summary-judgment stage. Indeed, the whole course of proceedings in the district court suggests that the judge confused Rule 12(b) with Rule 56. But no matter. The materials are not essential to the complaint's sufficiency. If a motion for summary judgment should be made, then these materials may be re-submitted (should they be relevant) with appropriate authentication and affidavits evincing personal knowledge.

The judgment is affirmed to the extent that it concerns promotion, accommodation, and retaliation but otherwise is reversed, and the case is remanded for proceedings consistent with this opinion.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*