In the

# United States Court of Appeals

## For the Seventh Circuit

———————

No. 05-4470

ANTHONY PRATT,

*Plaintiff-Appellant*,

*v.*

DAVID TARR, *et al.*,

*Defendants-Appellees*.

———————

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 04-C-839—**Lynn Adelman**, *Judge*.

———————

SUBMITTED AUGUST 23, 2006—DECIDED SEPTEMBER 27, 2006

———————

Before BAUER, POSNER, and WOOD, *Circuit Judges*.

POSNER, *Circuit Judge*. The plaintiff in this state pris-
oner's civil rights suit claims that prison officials violated
his constitutional right to access to the courts. His pro se
complaint alleges that they "den[ied] him adequate scribe
materials, a desk, a chair and personal legal property to
defend pending litigation in state and federal courts,
which caused plaintiff's cases to now be lost and/or
dismissed"; they "violate[d] access to the courts' standards
by refusing to release lawbooks, briefs, transcripts, case law
materials, [and] carbon paper." The district judge dismissed
the suit on the ground that the plaintiff had failed to plead

a claim of denial of access to the courts with the requisite particularity—failed to "provide more than general allegations that defendants hindered his ability to pursue these or any other non-frivolous legal actions."

In so ruling the judge relied primarily on *Ortloff v. United States*, 335 F.3d 652, 656 (7th Cir. 2003), which holds that to avert dismissal on the pleadings the plaintiff in a denial of access case "must make specific allegations as to the prejudice suffered because of the defendants' alleged conduct." He must do this "because a right to access-to-courts claim exists only if a prisoner is unreasonably prevented from presenting legitimate grievances to a court; various resources, documents, and supplies merely provide the instruments for reasonable access, and are not protected in and of themselves. Thus, when a plaintiff alleges a denial of the right to access-to-courts, he must usually plead specific prejudice to state a claim, such as by alleging that he missed court deadlines, failed to make timely filings, or that legitimate claims were dismissed because of the denial of reasonable access to legal resources."

*Ortloff* in turn relied solely on *Martin v. Davies*, 917 F.2d 336 (7th Cir. 1990), which had been decided before the Supreme Court, in *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993), made emphatically clear that federal courts are not to supplement the list in Rule 9(b) of the Federal Rules of Civil Procedure of claims that must be pleaded with particularity. The Court repeated this *Diktat* in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 and n. 3 (2002); see also *Christopher v. Harbury*, 536 U.S. 403, 417-18 and n. 15 (2002), as we and the other courts of appeals have done repeatedly since *Leatherman*. E.g., *Christopher v. Buss*, 384 F.3d 879, 881 (7th

Cir. 2004); *Thomson v. Washington*, 362 F.3d 969, 971 (7th Cir. 2004); *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002); *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002); *Payton v. Rush-Presbyterian St. Luke's Medical Center*, 184 F.3d 623, 627 (7th Cir. 1999); *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 346-48 (4th Cir. 2005); *Swann v. Southern Health Partners, Inc.*, 388 F.3d 834, 836-38 (11th Cir. 2004). In *Kolupa v. Roselle Park District*, 438 F.3d 713, 715 (7th Cir. 2006), we said: "Any decision declaring 'this complaint is deficient because it does not allege X' is a candidate for summary reversal, unless X is on the list in Rule 9(b)." We repeated this admonition in *Simpson v. Nickel*, 450 F.3d 303, 305 (7th Cir. 2006). But old habits die hard.

The list in Rule 9(b) of claims that must be pleaded with particularity does not include claims of denial of access to the courts, and so in *Nance v. Vieregge*, 147 F.3d 589, 590-91 (7th Cir. 1988), we had held (as noted in *Thomson v. Washington*, *supra*, 362 F.3d at 971) that there is indeed no heightened-pleading requirement for such claims. And shortly after the decision in *Ortloff*, another panel of this court had stated the pleading requirement for a denial of access claim thus: "In order to avoid dismissal . . . [plaintiff] therefore had to allege that he had a non-frivolous legal claim that was frustrated or impeded by [defendant's] failure to assist him in the preparation and filing of mean-ingful legal papers and that he was harmed by [defendant's] action (or lack thereof)." *Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir. 2004). This is the language of notice pleading, not, as in *Ortloff*, of fact pleading, notice pleading being all that is required of claims that don't fall within the scope of Rule 9(b).

*Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006), recognized the tension between *Ortloff* and *Lehn* and sought

to dissolve it. We said that the pleading standard applicable to denial of access claims is indeed notice pleading, but we added that "the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*, and only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been infringed . . . . [A] prisoner's complaint [must therefore] spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions. Requiring the complaint to include the basic allegations of the prejudice suffered serves the traditional purpose of notice pleading: it gives defendants fair notice of the claims against them and a reasonable opportunity to form an answer" (emphasis added); cf. *Loubser v. Thacker*, 440 F.3d 439, 442-43 (7th Cir. 2006) (citations omitted) ("although conspiracy is not something that Rule 9(b) of the Federal Rules of Civil Procedure requires be proved with particularity . . . it differs from other claims in having a degree of vagueness that makes a bare claim of 'conspiracy' wholly uninformative to the defendant. Federal pleading entitles a defendant to notice of the plaintiff's claim so that he can prepare responsive pleadings. That is why courts require the plaintiff to allege the parties, the general purpose, and the approximate date of the conspiracy"); *Alston v. Parker*, 363 F.3d 229, 233-34 and n. 6 (3d Cir. 2004).

In other words, it is not enough for a plaintiff to allege that the prison did not supply him with writing materials. That wouldn't give the prison a clue as to what injury the plaintiff was alleging, and the prison would therefore have no idea how to go about preparing its defense. To survive a motion to dismiss, the complaint would have to

go on and allege that as a result of the prison's action the plaintiff had lost a case or suffered some other legal setback.

Applying the standard set forth in the opinion to Marshall's complaint, we held the complaint adequate, though it was only slightly more detailed than the complaint in this case. Marshall "alleged that the defendants reduced his law library access to a 'non-existent' level, and that his inability to research and prepare for a May 29, 2003 court hearing caused him to lose custodial credit time that would have shortened his incarceration. The law requires no more from a prisoner at this stage of the proceeding." *Marshall v. Knight*, *supra*, 445 F.3d at 969. The plaintiff in the present case alleged that the defendants withheld law books, briefs, and other materials that are needed by a pro se litigant if he is to have the faintest chance of prevailing, and that as a result he lost court cases. He did not list the cases he lost, and this might have made it difficult for the defendants to begin to prepare their defense—might even have justified dismissal of the complaint, though presumably with leave to replead—were it not that in response to the defendants' motion to dismiss, the plaintiff submitted filings and other documents relating to his numerous lawsuits. So the suits were identified, and all that was missing was the precise causal connection between particular legal materials withheld and particular adverse rulings.

The district judge went through the exhibits and found that none showed that the withholding of materials of which the plaintiff complained had affected the outcome of the suits. But one would not expect the filings to show this. Cf. *Alston v. Parker*, *supra*, 363 F.3d at 234 n. 7. At some point in this suit the plaintiff will be required to prove that because he lacked law books or briefs or other materials he lost one or more of those cases. That showing is not

required at the pleadings stage. There the only question is the adequacy of the pleadings "to allow the court to determine at the outset of the litigation, before costly discovery is undertaken, whether the plaintiff has any tenable theory or basis of suit," *Ryan v. Mary Immaculate Queen Center*, 188 F.3d 857, 860 (7th Cir. 1999), and to place the defendants on notice of the plaintiff's claim so that they can begin to prepare their defense. Under this standard, the plaintiff's complaint, as is plain from *Marshall*, was adequate. If the defendants need more information concerning the plaintiff's claim, they can serve a contention interrogatory on the plaintiff, Fed. R. Civ. P. 33(c); *Thomson v. Washington*, *supra*, 362 F.3d at 971; *Shah v. Inter-Continental Hotel Chicago Operating Corp.*, 314 F.3d 278, 282-83 (7th Cir. 2002); *Ryan v. Mary Immaculate Queen Center*, *supra*, 188 F.3d at 860, or file a motion for a more definite statement, Fed. R. Civ. P. 12(e); *Alston v. Parker*, *supra*, 363 F.3d at 234 n. 7; *Anderson v. District Board of Trustees*, 77 F.3d 364, 366-67 and n. 4 (11th Cir. 1996), just as the district judge on his own initiative can ask the plaintiff for a brief or memorandum explaining the legal basis of the plaintiff's claim. *Shah v. Inter-Continental Hotel Chicago Operating Corp.*, *supra*, 314 F.3d at 282; *Alston v. Parker*, *supra*, 363 F.3d at 234 n. 7.

The judgment is reversed and the case remanded for further proceedings consistent with this opinion.

A true Copy:

      Teste:

                                _____

                                    *Clerk of the United States Court of*
                                       *Appeals for the Seventh Circuit*