UNPUBLISHED ORDER

Not to be cited per Circuit Rule 53

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

Submitted October 26, 2006[*]
Decided November 1, 2006

Before

**Hon.** FRANK H. EASTERBROOK, Circuit Judge

**Hon.** MICHAEL S. KANNE, Circuit Judge

**Hon.** TERENCE T. EVANS, Circuit Judge

| | |
|---|---|
| No. 06-2164 | Appeal from the United States District Court for the Western District of Wisconsin. |
| LUDMYLA SKORYCHENKO TOMPKINS, *Plaintiff-Appellant*, | |
| *v.* | |
| THE WOMEN'S COMMUNITY, INC., *et al.*, *Defendants-Appellees*. | No. 06-C-0078-S John C. Shabaz, *Judge*. |

**Order**

Plaintiff's complaint alleges that, when she sought shelter at The Women's Community, she was excluded because of her national origin. (She is from Ukraine.) The district court dismissed the complaint under Fed. R. Civ. P. 12(b)(6), stating that "[p]laintiff has not alleged facts that support her claim that the defendant was acting under color of state law". All state-law theories were dismissed without prejudice under 28 U.S.C. §1367(c)(3).

The district court did not explain why a complaint must plead facts. The established rule is that it need not. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002); *Bartholet v. Reishauer A.G.*, 953 F.2d 1073 (7th Cir. 1992). Only claims (which is to

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R. App. P. 34(a); Cir. R. 34(f).

say, grievances) need be pleaded. Plaintiff's grievance is comprehensible; defendants have received notice. We have remarked more than once that "[a]ny decision declaring 'this complaint is deficient because it does not allege X' is a candidate for summary reversal, unless X is on the list in Rule 9(b)." *Pratt v. Tarr*, No. 05-4470 (7th Cir. Sept. 27, 2006), slip op. 3, quoting from *Kolupa v. Roselle Park District*, 438 F.3d 713, 715 (7th Cir. 2006). The question is not what the complaint alleges but whether every essential fact could be established without contradicting anything in the complaint.

As far as we can tell, however, proof of state action may be unnecessary. Complaints need not plead law or the "elements" of a legal claim (that's a holding of *Swierkiewicz*). One potential legal theory suggested by the complaint's narrative is that defendants' acts violated the Civil Rights Act of 1964. Title II of that statute bars any place of public accommodation from discriminating on account of national origin, 42 U.S.C. §2000a(a), and Title VI bars any recipient of federal funds from engaging in national-origin discrimination. 42 U.S.C. §2000d. Whether The Women's Community, Inc., is either a "place of public accommodation" (and thus covered by Title II) or a recipient of federal funds (and thus covered by Title VI) can not be ascertained from the complaint; certainly Tompkins does not plead herself out of court by negating these possibilities.

The district court is free to require particulars under Fed. R. Civ. P. 12(e) or in response to a motion for summary judgment. But dismissal under Rule 12(b)(6) was inappropriate while it remains possible for plaintiff to establish facts that would support relief.

The judgment of the district court is vacated, and the case is remanded for further proceedings consistent with this order.