UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 7, 2006[*]
Decided December 8, 2006

**Before**

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 06-1724

| | |
|---|---|
| WILLIAM DOYLE,<br>    *Plaintiff-Appellant,* | Appeal from the United States<br>District Court for the Southern<br>District of Illinois |
| *v.* | |
| | No. 05-251-MJR |
| OFFICER PASQUINO, et al.<br>    *Defendants-Appellees.* | Michael J. Reagan,<br>*Judge.* |

**O R D E R**

Illinois prisoner William Doyle brought this suit under 42 U.S.C. § 1983, alleging that Illinois Department of Corrections (IDOC) officers at Menard Correctional Center harassed him and retaliated against him for filing grievances. Screening Doyle's complaint, the district court dismissed the suit as frivolous under 28 U.S.C. § 1915A and assessed a strike against Doyle pursuant to 28 U.S.C. § 1915(g). Doyle now appeals. We affirm, but for different reasons.

---

[*] The appellees notified this court that they were never served with process in the district court and would not be filing a brief or otherwise participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. The appeal is submitted on the appellant's brief and the record. *See* Fed. R. App. P. 34(a)(2).

Doyle's complaint alleged that after he filed grievances against Officer Pasquino in April 2004, corrections officers retaliated against him by harassing him and "throwing away" his grievances. Doyle alleged that from March through December 2004 he filed at least 18 grievances against corrections employees; in most he complained about officers yelling at him, laughing at him, or making faces at him (at least six alleged that Officer Pasquino glared at Doyle with a "super tough guy face"). Doyle also complained about a May 18 incident in which Officers Pasquino and Wagner administered an unusual search (Wagner searched his clothes while Pasquino stood very close to him), and a July 2 incident in which Officer Baker said to another corrections officer, allegedly referring to Doyle, "He's going to keep messing around and get his mother fucking ass whipped." The remainder of Doyle's grievances charged unnamed corrections officers with deliberately throwing away his grievances. Doyle alleged that his grievances were "lost" as part of the "conspiracy . . . to retaliate" against him.

The district court construed Doyle's complaint not as alleging retaliation, but rather as asserting Eighth Amendment and Due Process violations based on his allegations of verbal harassment and deliberately ignored grievances. Finding such claims frivolous, the district court dismissed the suit under § 1915A. Doyle now appeals, arguing that he adequately stated a retaliation claim by alleging that he was harassed, threatened, and denied access to the courts for filing grievances against prison officials.

We review dismissals under § 1915A de novo and will affirm only when it appears beyond doubt that no set of facts supports the plaintiff's claim. *Wynn v. Southward*, 251 F.3d 588, 591-92 (7th Cir. 2001) (per curiam). A prisoner's retaliation claim is subject to a liberal notice pleading standard; to comply with 1915A, as with Fed. R. Civ. P. 12(b)(6), the complaint need specify only the bare minimum facts necessary to notify the defendants and the court of the nature of the claims. *See Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). The "bare minimum" in a retaliation claim are the facts that would apprise the defendants of what the plaintiff did to provoke the alleged retaliation and what they did in response. *See Higgs*, 286 F.3d at 439; *Walker v. Thompson*, 288 F.3d 1005, 1012 (7th Cir. 2002) ("a plaintiff alleging retaliation must reference, at a minimum, the suit or grievance spawning the retaliation and the acts constituting the retaliatory conduct.") (Ripple, J. concurring).

Doyle's complaint easily meets the liberal notice pleading requirements; he identified the retaliatory action (harassment and the intentional disregarding of his grievances), named the defendants, and asserted a constitutionally-protected activity that spurred the retaliation (filing grievances). *See Hoskins v. Lenear*, 395 F.3d 372, 375 (7th Cir. 2005).

Nevertheless, a plaintiff can plead himself out of court by alleging facts that undermine the validity of his claim. *Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999); *Thomson v. Washington*, 362 F.3d 969, 970 (7th Cir. 2004). Here, to prevail on the merits of his retaliation claim, Doyle eventually would need to establish that the defendants' actions were taken in retaliation for exercising a constitutionally protected right. *See DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 1999). A prisoner's constitutional right of access to the courts "includes the right to pursue the administrative remedies that must be exhausted before a prisoner can seek relief in court." *Id.* The right protects only potentially meritorious complaints; it does not extend to frivolous claims. *See Lewis v. Casey*, 518 U.S. 343, 353 n.3 (1996); *Pratt v. Tarr*, 464 F.3d 730, 732 (7th Cir. 2006); *Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir. 2004).

Doyle's retaliation claim cannot succeed because his pleadings show that his grievances were entirely frivolous. In his complaint he described the incidents underlying his grievances and attached most of the grievances themselves. The incidents are trivial. The worst injuries he alleged were an unusual search of his clothes, a single incident of threatening language, and being subjected to a prison guard with a "super tough guy face." His complaint that some of his grievances were deliberately misplaced could not succeed either; there is no injury in the loss of a frivolous claim. *Lewis*, 518 U.S. at 353 n.3. As the Supreme Court stated in *Lewis*, "[d]epriving someone of a frivolous claim . . . deprives him of nothing at all, except perhaps the punishment of Federal Rule of Civil Procedure 11 sanctions." *Id.* Since the facts Doyle pleaded show that he was not exercising a constitutionally protected right when he filed the grievances that allegedly triggered the defendants' retaliatory acts, his pleadings undermine the validity of his claim.

Accordingly, the judgment of the district court is AFFIRMED and an additional strike is assessed against Doyle pursuant to 1915(g).