**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 30, 2008[*]
Decided October 30, 2008

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOHN L. COFFEY, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 08-1066

| | |
|---|---|
| MARC NORFLEET, | Appeal from the United States District |
|     *Plaintiff-Appellant*, | Court for the Northern District of Illinois, |
| | Eastern Division. |
|     *v.* | |
| | No. 07 C 4407 |
| JOHN H. STROGER, JR., et al., | |
|     *Defendants-Appellees*. | James B. Zagel, |
| | *Judge*. |

**O R D E R**

    Marc Norfleet, an Illinois inmate with a back impairment, filed a 52-page hand-written complaint against 16 people, claiming that they all had violated the Americans with Disabilities Act and his rights under the Fourteenth Amendment. Norfleet had previously

---

[*] After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the brief and the record. *See* FED. R. APP. P. 34(a)(2).

filed four complaints that made similar statutory and constitutional claims. The district court dismissed the most recent complaint as duplicative of his previous complaints, but because the latest complaint raises some unique allegations of facts, we remand to the district court for further proceedings while admonishing Norfleet about the risks of vexatious litigation.

Norfleet's latest complaint, though difficult in places to decipher and covering a several-year period, describes two recent episodes at the Cook County Department of Corrections, which for the limited purpose of this review only, we take as true. First, on August 12, 2005, Lieutenant Moore retaliated against Norfleet for filing several lawsuits by allowing another inmate to pummel him with feces. Second, on February 11 and 12, 2006, Superintendent Plaxico shackled him in disciplinary confinement for over 24 hours without cause.

The district court ordered Norfleet to show why this suit did not duplicate the others he had filed. Those other suits, against different prison guards and officials at the jail, allege less recent events: (1) in January 2004, Mary Garay, a prison guard, took away the cane that Norfleet uses for his back condition, removed him from protective custody, and put him in a holding cell, where another inmate attacked him with a shank, (2) in July 2004, another prison guard, identified as "Sevening," used unnecessary force against Norfleet by kneeing him in the back and choking him with Norfleet's cane, and (3) in August 2004, yet another guard, referred to as "Vale," locked Norfleet in a holding cell with an inmate, who attacked Norfleet when Vale left them unsupervised, and a nurse, listed as "Locke," refused to allow him to use the cane. After suggesting but without deciding that Norfleet's most recent complaint was "probably" vexatious, *see* 28 U.S.C. § 1927, and without deciding whether the complaint's allegations stated legally sufficient claims, *see* FED R. CIV. P. 12(b)(6), the district court held that it duplicated the previous suits.

We review a district court's judgment that two cases are duplicative for abuse of discretion and allow the district court wide latitude to make that determination. *See Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993). But suits are not duplicative if the parties, claims, facts, and requested relief are substantially different. *See Id.*; *Adams v. Calif. Dep't of Health Servs.*, 487 F.3d 684, 689 (9th Cir. 2007); *N. Assurance Co. v. Square D Co.*, 201 F.3d 84, 89 (2d. Cir. 2000) ("Square D is unable to cite, and we are unable to find, any case where a second suit against an independent party was dismissed as duplicative.") In this case, many of the claims in Norfleet's most recent complaint, like those in his previous complaints, emanate from older episodes involving a variety of prisons guards' and medical staff's alleged mistreatment of him and his back impairment. But the latest complaint does not duplicate his previous filings in two respects because it contains unique

allegations of more recent wrongdoing by two newly identified officers never mentioned earlier: Moore (for allowing an inmate to throw feces at Norfleet) and Plaxico (for disciplining Norfleet by shackling him for a day).

Although Norfleet's most recent complaint is prolix and contains several unintelligible claims, his claim against Moore for deliberately allowing an inmate to attack Norfleet with feces provides the notice required of a complaint because it describes a time, a place, and conduct, which, if proven, violates the Eighth Amendment. *See* FED R. CIV. P. 8(a)(2), 12(b)(6); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008); *Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004); *see also Goka v. Bobbitt*, 862 F.2d 646, 649-50 (7th Cir. 1988) (a prison official is liable under the Eighth Amendment for intentionally exposing a prisoner to a known risk of violence); *Gates v. Cook*, 376 F.3d 323, 341 (5th Cir. 2004) ("courts have been especially cautious about condoning conditions involving exposure to human waste"); *Despain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001) ("Exposure to human waste, like few other conditions of confinement, evokes both the health concerns emphasized in *Farmer* [*v. Brennan*, 511 U.S. 825 (1994)] and the more general standards of dignity embodied in the Eighth Amendment.")

Although Norfleet's newest assertions regarding the shackling are not duplicative, they do not state a claim because prisons are permitted to use disciplinary shackling for short periods. *See Key v. McKinney,* 176 F.3d 1083, 1086 (8th Cir. 1999); *Bruscino v. Carlson,* 854 F.2d 162, 166 (7th Cir. 1988). But Norfleet's inclusion of this or other, dismissible claims does not warrant dismissal of his feces-attack claim. *United States ex rel. Gharst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) ("a district court is not authorized to dismiss a complaint merely because it contains . . . a disposable husk around a core of proper pleading.") (internal quotation marks omitted). On remand, the district court may dismiss those claims in Norfleet's complaint that are unintelligible or otherwise fail to state a claim. *See Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001). We also remind Norfleet that the district court may sanction him if it determines that this litigation is without reasonable basis in fact or otherwise vexatious. 28 U.S.C. § 1927; *Dal Pozzo v. Basic Mach. Co.,* 463 F.3d 609, 614 (7th Cir. 2006).

VACATED AND REMANDED.