**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 31, 2017[*]
Decided November 7, 2017

**Before**

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 16-1701

| | |
|---|---|
| EUGENE WARREN, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 15-cv-1263 |
| OFFICER WOODS, *Defendant-Appellee*. | Sue E. Myerscough, *Judge*. |

**O R D E R**

Illinois prisoner Eugene Warren appeals the dismissal of his complaint alleging that a correctional officer violated his Eighth Amendment rights by refusing to protect him from another inmate who threw urine at him. The district judge dismissed the case because Warren had not alleged that the officer knew in advance that the inmate would

---

[*] The defendant was not served in the district court and is not participating in this appeal. (We do not know his first name, so we have used his title instead.) We have agreed to decide this case without oral argument because the brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

attack him with urine. Because the judge should have given Warren a chance to amend his complaint to correct this omission, we vacate the judgment.

In his complaint Warren alleges that an inmate has been drenching him in urine. He reports an incident from August 2014 when "my neighbor . . . was throwing cups of urine, piss in my cell. I asked to speak to a Lt. (white shirt), C/O Woods told me that I can't see no Lt!" The judge screened the complaint under 28 U.S.C. § 1915A and considered whether Warren stated an Eighth Amendment claim that Officer Woods was deliberately indifferent to a substantial risk of harm from the urine. *See Farmer v. Brennan*, 511 U.S. 825 (1994). The judge decided that Warren did not state a claim and dismissed the case because Warren failed to plead that he warned Woods before he was "doused with urine." The judge added that any amendment would be futile because "the facts of this case do not now, and even if replead, could not give rise to a constitutional claim."

On appeal Warren contends that the judge should have allowed him to proceed on his claim, and we agree. A prisoner states an Eighth Amendment claim by alleging that a prison guard knew about but ignored a substantial risk of serious harm from another inmate. *See Billman v. Ind. Dep't of Corrs.*, 56 F.3d 785, 788 (7th Cir. 1995); *see also Gevas v. McLaughlin*, 798 F.3d 475, 480 (7th Cir. 2015). The judge did not question whether getting splashed with someone else's urine creates a serious risk of harm. Instead the judge observed that Warren did not allege that he notified Officer Woods in advance of the urine attack. But the judge should have given Warren a chance to supply that missing allegation because a sua sponte dismissal without one chance to fix a complaint raises "serious questions about fair access to the courts." *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013); *see also Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 714 (7th Cir. 2006) ("Any decision declaring 'this complaint is deficient because it does not allege X' is a candidate for summary reversal, unless X is on the list in Fed. R. Civ. P. 9(b).").

We recognize that the judge thought that Warren could not possibly patch up his omission, but that is incorrect. Warren's appellate brief illustrates why. In it Warren offers additional details of his encounters with Officer Woods and the urine-throwing inmate in late 2014. These details make plausible his Eighth Amendment claim. He writes that between October and November 2014, he reported to Officer Woods that "my neighbor . . . was making threats to throw urine on me through the bars of my cell." Woods, however, did nothing to protect Warren, telling him "I don't care." Instead Officer Woods ordered Warren to take down a plastic bag that Warren had hung for

"protection from getting assaulted with urine." Later, as Warren had feared and warned, the inmate threw a cup of urine into Warren's cell. The cup struck Warren in his face, splashing urine on his head and shirt. This cup throwing continued at least three times before another officer hauled the offending inmate to segregation.

We may consider these allegations, though they appear in Warren's appellate brief and not in his complaint. "A party who appeals from a Rule 12(b)(6) dismissal may elaborate on her allegations so long as the elaborations are consistent with the pleading." *See Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 555 (7th Cir. 2012). The appellate brief is consistent with the complaint because it elaborates on the offending inmate's campaign to assault Warren with urine in late 2014. Although the first attack mentioned in the complaint occurred in August, the attack of three thrown cups described on appeal occurred soon after—around October—*after* Warren had warned Officer Woods of another impending attack. So Warren may proceed on a claim against Woods regarding the latter incident.

We offer two observations about this case on remand. First, Warren says in his appellate brief that he intends to seek compensatory damages, but those are unavailable unless he proves that he suffered a physical injury. *See* 42 U.S.C. § 1997e(e). He has alleged that he suffered only "mentally and emotionally," and in his appellate brief, he adds that he experienced "emotional and mental stress, anguish, [and] shock." These injuries will not permit him to recover compensatory damages. But if the trier of fact believes his assertions, he may be awarded nominal damages, and if the trier finds that Woods's conduct was willful and wanton, Warren may recover punitive damages. *See Gray v. Hardy*, 826 F.3d 1000, 1007 (7th Cir. 2016); *Smith v. Peters*, 631 F.3d 418, 421 (7th Cir. 2011). Second, after Warren files an amended complaint, the district court can examine whether getting splashed with another inmate's urine constitutes serious harm. *See Rhodes v. Chapman*, 452 U.S. 337, 348 (1981).

The judgment is VACATED, and the case is REMANDED. We further order that the strike that the district court assessed against Warren be removed.